UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| LAVELL HALL, | Civil No.   11-2661-BEN(WVG) |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| Y.A. GUILA, et al., | **(Doc. No. 17)** |
| Defendants. | |

Plaintiff Lavell Hall, a state prisoner, is proceeding *pro se* on a civil rights action filed under 28 U.S.C. § 1983.  On December 26, 2012, Plaintiff filed a Motion For Appointment Of Counsel.  Plaintiff argues the appointment of counsel is appropriate because he is indigent, unable to afford counsel, and needs counsel "so that (his) interest may be protected by the professional assistance required." For the reasons set forth below, the Court hereby **DENIES** Plaintiff's Motion without prejudice .

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances.  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success

on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision."' Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In the absence of counsel, however, the procedures employed by the federal courts are highly protective of a pro se litigant's rights. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam). Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In this case, Plaintiff has failed to demonstrate extraordinary circumstances. Plaintiff has not shown how his indigency prevents him from sufficiently prosecuting his lawsuit. Rather, the pleadings filed by Plaintiff thus far demonstrate that he has a good grasp of his case and the legal issues involved.

Accordingly, the Court hereby **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel.

**IT IS SO ORDERED.**

DATED: January 16, 2013

Hon. William V. Gallo
U.S. Magistrate Judge