1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVELL HALL,<br>CDCR #H-05584,<br><br>                                    Plaintiff,<br><br>                    vs.<br><br>Y.A. GUILA, et al.<br><br>                                    Defendants. | Civil        14cv1846 MMA (JLB)<br>No.<br><br>**ORDER DISMISSING FOURTH<br>AMENDED COMPLAINT FOR<br>FAILING TO STATE A CLAIM<br>PURSUANT TO 28 U.S.C. § 1915A** |

## I.

### PROCEDURAL HISTORY

On November 14, 2011, Lavell Hall, a state inmate currently incarcerated at California State Prison, Los Angeles County located in Lancaster, California, submitted a civil action pursuant to 42 U.S.C. § 1983.  Plaintiff did not seek leave to proceed *in forma pauperis* ("IFP") in this matter but rather Plaintiff has paid the entire $350 civil filing fee.

On March 9, 2012, this Court sua sponte dismissed Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A(b).  [Doc. No. 5.]  Plaintiff was

1  granted leave to file an Amended Complaint in order to correct the deficiencies of

2  pleading identified by the Court.  [Doc. No. 5 at 5-6.]  On April 12, 2012, Plaintiff

3  filed a "Motion for Extension of Time to Amend Complaint."  [Doc. No. 6.]

4  However, before the Court could issue a ruling on Plaintiff's Motion, Plaintiff filed

5  his First Amended Complaint ("FAC").  [Doc. No. 7.]

6       On May 24, 2012, the Court, once again, dismissed Plaintiff's First Amended

7  Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).  [Doc. No. 9.]

8  Plaintiff was again granted leave to file an Amended Complaint in order to correct the

9  deficiencies of pleading identified by the Court.  [*Id.* at 5.]  After receiving extensions

10  of time, Plaintiff filed his Second Amended Complaint ("SAC").  [Doc. No. 15.]  This

11  Court dismissed all claims against Defendant Guila and transferred the matter to the

12  Eastern District of California in light of the fact all remaining claims were unrelated to

13  the claims that arose in this District.  [Doc. No. 19].

14       After the matter was transferred to the Eastern District of California, Plaintiff

15  was permitted to file a Third and Fourth Amended Complaint.  [Doc. Nos. 26, 30.]

16  On August 5, 2014, United States Magistrate Judge Barbara McAuliffe entered an

17  "Order Dismissing Action without Prejudice" and transferred the matter back to this

18  District.  [Doc. No. 32.]

19  **II.**

20  **SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)**

21       As the Court informed Plaintiff in its previous Orders, the Prison Litigation

22  Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints

23  filed by anyone "incarcerated or detained in any facility who is accused of, sentenced

24  for, or adjudicated delinquent for, violations of criminal law or the terms or conditions

25  of parole, probation, pretrial release, or diversionary program," "as soon as practicable

26  after docketing" and regardless of whether the prisoner prepays filing fees or moves to

27  proceed IFP.  *See* 28 U.S.C. § 1915A(a), (c).  The Court must sua sponte dismiss

28  prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to

state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

### A.      Constitutional Claims

Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B.      Waiver of Claims against Defendants

As an initial matter, the Court notes that Plaintiff no longer names Defendants Clark, Mecias, Kirby, Tkieby, Walker, Rouch, McCabe, Wauem, Wager Vo, Quang, Thornhill, Ko or Fraze in his Fourth Amended Complaint ("FAC").  As this Court informed Plaintiff in its previous Orders, "[d]efendants not named and all claims not re-alleged in [amended pleadings] will be deemed to have been waived."  *See* May 24, 2012 Order at 5, Doc. No. 9, citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Accordingly, because Plaintiff no longer names these individuals as Defendants, all claims against them are waived.

### B.      Claims against Defendants Peterson and Chamberlain

Where an inmate's claim is one of inadequate medical care, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997).  A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton

1   inflication of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104).

2   Indications of a serious medical need include "the presence of a medical condition that

3   significantly affects an individual's daily activities." *Id*. at 1059-60.  By establishing

4   the existence of a serious medical need, an inmate satisfies the objective requirement

5   for proving an Eighth Amendment violation.  *Farmer v. Brennan*, 511 U.S. 825, 834

6   (1994).

7        In general, deliberate indifference may be shown when prison officials deny,

8   delay, or intentionally interfere with a prescribed course of medical treatment, or it

9   may be shown by the way in which prison medical officials provide necessary care.

10  *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).  While Plaintiff's

11  Fourth Amended Complaint is nearly devoid of specific factual allegations, Plaintiff

12  attaches several documents to his Fourth Amended Complaint that demonstrate he

13  was examined and treated by Dr. Peterson on a number of occasions.  It further

14  demonstrates that Dr. Peterson prescribed Plaintiff medication for his condition that

15  Plaintiff received.  In his a Fourth Amended Complaint, Plaintiff alleges Dr.

16  Peterson's "treatments failed to rectify the problem."  (FAC at 6.)  Before it can be

17  said that an inmate's civil rights have been abridged with regard to medical care,

18  however, "the indifference to his medical needs must be substantial.  Mere

19  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of

20  action."  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing

21  *Estelle*, 429 U.S. at 105-06).  *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th

22  Cir. 2004).

23        The Court previously found that these identical allegations failed to state a

24  claim against Defendant Peterson and Plaintiff failed to correct the deficiencies of

25  pleading previously identified by this Court.  Moreover, the Fourth Amended

26  Complaint, while referencing Defendant Chamberlain, fails to identify any specific

27  factual allegations pertaining to this Defendant and there are no documents attached to

28  the Fourth Amended Complaint that identify Defendant Chamberlain's role in the

alleged deprivation of Plaintiff's constitutional rights.  Accordingly, for all the reasons previously stated by the Court in its prior Orders, the Court finds that Plaintiff has failed to state a claim against either of these defendants.

### B.    Claims against Defendant Guila

Plaintiff also fails to identify with any specificity the factual allegations giving rise to his claims against Defendant Guila.  Moreover, this Court previously found the allegations against Defendant Guila deficient and did not permit Plaintiff leave to amend his pleading as to this Defendant.  (*See* March 13, 2013 Order, Doc. No. 19, at 4.)  Regardless, it is clear that Plaintiff continues to fail to state a claim against this Defendant.

While not entirely clear, it appears that Plaintiff seeks to hold Defendant Guila liable for the alleged responses to Plaintiff's administrative grievances.  The Fourteenth Amendment provides that:  "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law."  U.S. CONST. amend. XIV, § 1.  "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).   State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection.  *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  To state a procedural due process claim, Plaintiff must allege:  "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process."  *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

However, the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause.  *See Ramirez v. Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause

of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure")); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

In addition, Plaintiff has failed to plead facts sufficient to show that prison official deprived him of a protected *liberty* interest by allegedly failing to respond to his prison grievances in a satisfactory manner.  While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants:  (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*,  515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).  Plaintiff pleads nothing to suggest how the allegedly inadequate review and consideration of his inmate grievances resulted in an "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84.  Thus, to the extent Plaintiff challenges the procedural adequacy of inmate grievance procedures, his Fourth Amended Complaint fails to state a claim as to Defendant Guila.

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1.      Plaintiff's Fourth Amended Complaint [Doc. No. 30] is **DISMISSED** for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. § 1915A(b)(1).

2.      Further leave to amend is **DENIED**.  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); and

3.      The Court **CERTIFIES** that an IFP appeal from this Order of dismissal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th

Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED:  August 20, 2014

Hon. Michael M. Anello
United States District Judge

7